**IN THE UNITED STATES DISTRICT COURT**
**FOR THE MIDDLE DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| MANUEL BAEZ REYNA<br><br>Petitioner,<br><br>v.<br><br>WARDEN, *Pike County Correctional Facility*,<br><br>Respondent. | No. 4:26-CV-01890<br><br>(Chief Judge Brann) |

**MEMORANDUM OPINION**

**NOVEMBER 24, 2026**

## I. BACKGROUND

Petitioner Manuel Baez Reyna filed this petition for writ of habeas corpus on July 7, 2026, pursuant to 28 U.S.C. § 2241, challenging his continued detention by the United States Department of Homeland Security, Immigration and Customs Enforcement ("ICE").[1] He contends that his continued confinement violates the Constitution and seeks immediate release, an order preventing his transfer to another detention facility, or, alternatively, an individualized bond hearing.[2]

Baez Reyna is a citizen and native of the Dominican Republic.[3] On February 1, 2023, agents of the United States Border Patrol encountered him near El Paso, Texas, shortly after his unlawful entry into the United States from Mexico.[4] He was placed into

---

1 Doc. 1.
2 *Id.* at 8.
3 Doc. 8-2, at 2.
4 *Id.*

expedited removal proceedings pursuant to 8 U.S.C. § 1225(b)(1).[5] After expressing a fear of return to his native country, he received a positive credible-fear determination and was subsequently placed into removal proceedings before an immigration judge.[6] ICE thereafter released him from custody.[7]

On June 15, 2026, Allentown Police Department officers arrested Baez Reyna and charged him with simple assault and harassment.[8] ICE thereafter lodged an immigration detainer against him while he was confined at Lehigh County Prison for the simple assault and harassment charges.[9] On June 22, 2026, Baez Reyna entered a guilty plea to simple assault and received a sentence of nine months' probation; the harassment charge was withdrawn.[10] Following the resolution of the criminal case, ICE assumed custody of Baez Reyna, who has remained detained since June 22, 2026.[11] He is presently housed at the Pike County Correctional Facility, located within the Middle District of Pennsylvania.[12]

In his petition, Baez Reyna alleges that he has a pending asylum application, valid employment authorization, a Social Security number, a history of filing tax returns, and substantial family ties within the United States.[13] He maintains that he is

---

5 Doc. 8-3, at 3.
6 *Id.*
7 *Id.*
8 *Id.*
9 *Id.* at 2.
10 *Id.* at 3-4.
11 Doc. 8-5, at 2.
12 Doc. 1.
13 Doc. 1, at 7.

neither a danger to the community nor a flight risk and argues that his continued detention is therefore unwarranted.[14]

The Government responds that Baez Reyna is detained pursuant to 8 U.S.C. § 1225(b)(1), which requires mandatory detention of certain applicants for admission who were processed through expedited removal proceedings and subsequently received positive credible-fear determinations.[15] The Government further asserts that Baez Reyna's detention had lasted—at the time of filing—less than one month and therefore has not become unconstitutionally prolonged.[16]

Baez Reyna currently remains in removal proceedings before the immigration court. On November 16, 2026, an immigration judge ordered him removed. Any appeal from that decision is due by December 16, 2026.

Baez Reyna filed a reply brief in August of 2026, rendering this matter ripe for disposition.[17] For the reasons discussed below, the petition will be denied.

## II. DISCUSSION

Pursuant to 28 U.S.C. § 2241, a federal district court may grant a habeas petition where a petitioner is "in custody under or by color of the authority of the United States ... in violation of the Constitution or laws or treaties of the United States."[18] The Court's authority extends to immigration detention.[19] As the Supreme Court of the United States

---

[14] *Id.*
[15] Doc. 8, at 2.
[16] Doc. 8, at 16.
[17] Doc. 10.
[18] 28 U.S.C. § 2241(c)(1), (3).
[19] *Zadvydas v. Davis*, 533 U.S. 678, 687 (2001).

has emphasized, when ICE detainees challenge "their confinement" pending removal, "their claims fall within the 'core' of the writ of habeas corpus and thus must be brought in" a 28 U.S.C. § 2241 petition.[20] Baez Reyna's claim is therefore properly brought in this petition.

**A. Baez Reyna Is Detained Pursuant to 8 U.S.C. § 1225(b)(1)**

As an initial matter, the Court must determine the statutory basis for Baez Reyna's detention. In his petition, Baez Reyna argues that his continued confinement is unwarranted because he has a pending asylum application, employment authorization, significant family ties in the United States, and is neither a danger to the community nor a flight risk.[21] He therefore contends that he should be released from custody or afforded a bond hearing.[22]

Those arguments, however, presume that Baez Reyna is detained under a statutory provision that permits release on bond. The threshold question is therefore whether Baez Reyna is detained pursuant to 8 U.S.C. § 1226(a), which generally governs detention of certain noncitizens during removal proceedings and authorizes bond hearings, or pursuant to 8 U.S.C. § 1225(b)(1), which mandates detention of certain applicants for admission.

The record demonstrates that Baez Reyna entered the United States unlawfully near El Paso, Texas on February 1, 2023, and was immediately placed into expedited

---

[20] *Trump v. J.G.G.*, 604 U.S. 670, 672 (2025).
[21] Doc. 1, at 7.
[22] *Id.* at 8.

removal proceedings pursuant to 8 U.S.C. § 1225(b)(1).[23] After expressing a fear of returning to the Dominican Republic, he received a positive credible-fear determination and was thereafter placed into removal proceedings before an immigration judge.[24] Although immigration authorities later released him from custody, he remained an applicant for admission while those proceedings continued.

The Supreme Court has recognized that individuals detained under § 1225(b)(1) are subject to mandatory detention throughout removal or credible fear proceedings, although the Government may in its discretion temporarily parole such aliens "for urgent humanitarian reasons or significant public benefit."[25] Detention under § 1225(b)(1) remains mandatory throughout the removal proceedings absent the Government's exercise of its parole authority.[26] Courts may not imply a statutory entitlement to periodic bond hearings for individuals detained pursuant to that provision.[27]

Here, nothing in the record suggests that Baez Reyna's immigration status changed following his release from custody. As Respondent correctly notes, parole into the United States does not constitute an admission.[28] Accordingly, because Baez Reyna was initially placed into expedited removal proceedings and remains in removal proceedings following a positive credible-fear determination, the Court concludes that

---

23 Doc. 8-2, at 2.
24 Doc. 8-3, at 3.
25 *Jennings v. Rodriguez*, 583 U.S. 281, 288 (2018).
26 *Id.* at 300-03.
27 *Id.* at 306.
28 8 U.S.C. § 1182(d)(5)(A).

his detention is governed by § 1225(b)(1). Nothing in the record indicates that those proceedings terminated or that Baez Reyna's immigration classification changed following his temporary release from custody. The Court therefore rejects any suggestion that Baez Reyna is entitled to a bond hearing as a matter of statute.

That conclusion does not end the inquiry, however, because even detention authorized by § 1225(b)(1) remains subject to constitutional limitations. The Court therefore turns to Baez Reyna's due process challenge.

### B. Baez Reyna's Detention Has Not Become Unconstitutionally Prolonged

Although immigration detention authorized by Congress is ordinarily lawful, the United States Court of Appeals for the Third Circuit has held that detention may, at some point, become so prolonged that due process requires an individualized bond hearing.[29] The Due Process Clause of the Fifth Amendment imposes constitutional limits on the Government's authority to detain noncitizens during removal proceedings.[30] Although Congress has authorized the detention of certain categories of noncitizens pending the resolution of immigration proceedings, such detention may, in some circumstances, become so prolonged that it raises constitutional concerns.[31]

---

29 *German Santos v. Warden Pike County Correctional Facility*, 965 F.3d 203, 210-11 (3d Cir. 2020).

30 U.S. CONST. AMEND. V; *see Serrano-Alberto v. AG United States*, 859 F.3d 208, 211 (3d Cir. 2017) ("The Fifth Amendment protects the liberty of all persons within our borders, including [noncitizens] in immigration proceedings who are entitled to due process of law.").

31 *Demore v. Kim*, 538 U.S. 510, 531 (2003).

Courts therefore examine the nature and duration of immigration detention to determine whether continued confinement remains reasonably related to its underlying purpose.[32]

In determining whether detention has become constitutionally excessive, courts consider several factors, including: "(1) the length of detention; (2) the likelihood of continued detention; (3) the reasons for the delay; and (4) the conditions of confinement."[33] If detention has become unconstitutionally arbitrary, "the petitioner will be entitled to a bond hearing before an immigration judge at which the Government bears the burden of proving that the petitioner is a flight risk or danger to the community by clear and convincing evidence."[34]

Consideration of those factors demonstrates that Baez Reyna's detention does not approach the constitutional line.

First, the length of detention strongly favors Respondent. The record reflects that ICE assumed custody of Baez Reyna on June 22, 2026. Presently, Baez Reyna has been detained for about five months. Although the Third Circuit has declined to adopt a bright-line rule, detention of approximately five months falls well short of the periods that have typically prompted constitutional concern.[35]

Second, the record does not suggest that Baez Reyna faces an indefinite period of future detention. His removal proceedings remain active, and Respondent represents

---

32 *See German Santos*, 965 F.3d at 210-11.
33 *Id.* at 211-12.
34 *Alvarado v. Soto*, No. CV 26-1032 (MAS), 2026 WL 2349924, at *3 (D.N.J. Aug. 13, 2026).
35 *Chavez-Alvarez v. Warden York County Prison*, 783 F.3d 469, 474, n.7 (3d Cir. 2015).

that proceedings before the immigration court were already scheduled to continue before Immigration Judge Corey Combs. Nothing in the present record indicates that his case has stalled or that removal proceedings lack a foreseeable endpoint. Accordingly, this factor is at most neutral.

Third, there is no indication that either party has caused significant delay. The record reflects that Baez Reyna's detention has coincided with the ordinary progression of his immigration proceedings, culminating in the recent entry of a removal order. Accordingly, this factor is neutral.

Finally, the Court recognizes that Baez Reyna is confined at the Pike County Correctional Facility, a facility whose conditions resemble criminal confinement. Consistent with *German Santos*, this factor weighs in Baez Reyna's favor.[36]

Nevertheless, balancing all relevant considerations, the Court cannot conclude that Baez Reyna's detention has become unconstitutionally prolonged. His detention has lasted only five months, his removal proceedings have continued to advance, and the record reveals no unusual delay attributable to the Government. Under these circumstances, due process does not require an individualized bond hearing, much less immediate release from custody.

Finally, to the extent that Baez Reyna seeks an order prohibiting ICE from transferring him to another facility, decisions regarding the placement of immigration

[36] *German Santos*, 965 F.3d at 212-13.

detainees are generally committed to DHS's discretion, and he identifies no basis for such relief.[37]

## III. CONCLUSION

Accordingly, because Baez Reyna's detention is authorized by § 1225(b)(1) and has not become constitutionally unreasonable, the petition will be denied.

An appropriate Order follows.

BY THE COURT:

*s/ Matthew W. Brann*
Matthew W. Brann
Chief United States District Judge

37 *Calla-Collado v. Att'y Gen. of U.S.*, 663 F.3d 680, 685 (3d Cir. 2011) ("Thus, as a part of DHS, ICE 'necessarily has the authority to determine the location of detention of an alien in deportation proceedings.'") (quoting *Gandarillas–Zambrana v. Bd. of Immigration Appeals*, 44 F.3d 1251, 1256 (4th Cir. 1995)).